

# IN THE
# TENTH COURT OF APPEALS

―――――――

## No. 10-18-00295-CR

## IN RE MARCUS PILKINGTON

―――――――

## Original Proceeding

## CONCURRING OPINION

At the hearing before the trial court various arguments were made. Some of the arguments made by various attorneys are set out below. The arguments have to do with the legal effect of a document, which is being referred to as a "reindictment" apparently to distinguish it from the original "indictment." Both the indictment and the reindictment were filed in the same trial court cause number.

> Attorney One: "…the caption of the two indictments run under the same cause number that's been assigned by the district clerk. These are two independently returned indictments, Your Honor. The State has never moved to amend the first returned indictment at all…It is still an active, validly returned indictment…The same can be said for the second returned indictment."

> Attorney One: "Again, there has been no amendment of either indictment on this—in this case,…"

Attorney Two: "Our opinion on that is it [the reindictment] replaces completely the old indictment. The old indictment ceases to exist.

Attorney Three: "The other indictment ceases to exist."

Attorney Two: "We're proceeding on the riot [reindictment]. That's our election at that point."

The problem is that all these arguments were being made by the same party, the State, and the arguments are clearly inconsistent. One attorney is arguing that there are two valid and subsisting indictments against the defendant now pending in the same case number. The other attorneys for the State are arguing that the second indictment replaced the first indictment. This causes me to agree with a summary from the defendant's brief:

"This is a debacle wholly of the State's creation."

It seems like there is an easy fix. The easy fix seems to be first, call it what it is, an indictment, and second, file the so called "reindictment" in a new cause number. There are consequences that follow an additional indictment versus an amended indictment. I have found nothing that authorizes or prohibits the filing of two indictments in the same trial court case number, but it is certainly going to be confusing as it moves forward to identify to which of the indictments any post-indictment procedures and protections, motions, hearings, etc. apply if the parties even on one side cannot agree whether there is one or two indictments pending in this case.

But even an easy fix does not give us the authority to compel it by mandamus. I concur in the Court's denial of the petition for a writ of mandamus.


TOM GRAY
Chief Justice

Concurring opinion delivered and filed November 7, 2018

